No. 84–1584. BONNER ET AL. v. COMMISSIONER OF INTERNAL REVENUE; and
No. 84–1810. GLADNEY ET AL. v. COMMISSIONER OF INTERNAL REVENUE. C. A. 5th Cir. Certiorari denied. Reported below: 745 F. 2d 955.

JUSTICE O'CONNOR, with whom JUSTICE BLACKMUN and JUSTICE POWELL join, dissenting.

Section 4945 of the Internal Revenue Code, 26 U. S. C. § 4945, imposes a substantial excise tax on noncharitable expenditures by a private foundation. Transfers remain taxable under this section only as long as the organization retains its foundation status. Upon the termination of that status, tax liability is assessed pursuant to § 507(c). Petitioners are trustees and residuary legatees of a testamentary trust established in 1905 and later organized as a private foundation. In 1971, a Louisiana court ordered the dis-

solution of the trust and the distribution of its remaining assets to the settlor's heirs. The Internal Revenue Service acknowledged that the trust's § 507(c) liability was zero. Nonetheless, viewing the distributions as § 4945 "taxable expenditures" by a still extant foundation, it imposed a 100% excise tax on the transfer. Petitioners contested liability, and an action in Tax Court ensued. Concluding that the trust's private foundation status terminated upon the issuance of the state court judgment, the court found for petitioners. 45 TCM 280, ¶ 82–707 P–H Memo TC (1982). A divided panel of the Court of Appeals for the Fifth Circuit reversed, holding that notwithstanding the prior dissolution of the trust and the absence of any § 507(c) liability whatever, the distribution qualified as a § 4945 taxable expenditure. 745 F. 2d 955 (1984). Because I seriously question whether the harsh result reached by the Court of Appeals is consistent with either the letter or intent of the relevant provisions of the Code, I would grant the petitions for certiorari.